IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY<br><br>Plaintiff<br><br>vs<br><br>MICHAEL DIAZ-SANTIAGO<br>and FIRSTBANK PUERTO RICO<br><br>Defendants<br>_____<br><br>FIRSTBANK PUERTO RICO<br><br>Third-Party Plaintiff<br><br>vs<br><br>BLUE WATERS INSURERS, CORP.<br>SEGUROS JAVIER CALDERON, INC.;<br>OMAYRA RODRIGUEZ-SORRENTINI;<br>ABC INSURANCE COMPANY;<br>MDS CARIBBEAN SEAS LIMITED<br><br>Third-Party Defendants<br>_____<br><br>SEGUROS JAVIER CALDERON, INC.<br><br>Fourth Party Plaintiff<br><br>vs<br>LUIS F. PADILLA-GONZALEZ<br><br>Fourth Party Defendant | CIVIL 09-1672CCC |

## OPINION AND ORDER

Before the Court is FirstBank of Puerto Rico's (FirstBank) unopposed Motion for Partial Summary Judgment (**docket entry 82**) and Addendum (**docket entry 89**) seeking judgment pursuant to a promissory note and a preferred ship mortgage against third-party defendant MDS Caribbean Seas Limited (MDS), and its guarantors, defendant Michael Díaz-Santiago (Díaz-Santiago) and his former wife, third-party defendant Omayra Rodríguez-

CIVIL 09-1672CCC                           2

Sorrentini (Rodríguez-Sorentini).  For the reasons set forth below the Court GRANTS First Bank's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 15, 2009, plaintiff Markel American Insurance Company ("Markel") filed a complaint for declaratory judgment in admiralty (docket entry 1) after FirstBank, as loss payee under an insurance policy issued by Markel, sought to recover the value of the bank's collateral and the legal fees incurred to secure the release of the vessel, which had been seized by federal law enforcement agents.  Markel denied FirstBank's claim alleging, *inter alia*, that the policy covering the Black Sea MV (the "Vessel") was void *ab initio* due to Díaz-Santiago's material misrepresentation made during the application process.  Specifically, Markel argued that Díaz-Santiago misrepresented or concealed the fact that MDS, a limited company organized and existing under the laws of the British Virgin Islands, and not he, was the owner of the insured vessel. On September 28, 2009, FirstBank filed its Answer to Complaint and Counterclaim against Markel (docket entry 15); filed a Crossclaim against Díaz-Santiago (docket entry 14); filed a Third Party Complaint against Blue Waters Insurers Corp., Seguros Javier Calderón Inc., and Omayra Rodríguez-Sorentini (docket entry 16). On October 9, 2009, FirstBank filed an Amended Third Party Complaint to include MDS Caribbean Seas Limited (docket entry 25).

After a series of dispositive motions filed by both Markel and FirstBank, Markel and Diaz-Santiago filed a Joint Motion for Entry of Judgment by Consent (docket entry 80), acknowledging "that the information regarding the identity of the owner of the vessel was a material fact that should have been disclosed to Markel" and requesting the entry of judgment in favor of Markel "declaring that the policy was null and void and does not provide coverage for the damages and/or losses related to the March 3, 2009 seizure" Id.  We granted said request and entered the Partial Consent Judgment (docket entry 81).

CIVIL 09-1672CCC                              3

Thereafter, on April 9, 2010, FirstBank filed its Motion for Partial Summary Judgment against Díaz-Santiago, Rodríguez-Sorentini and MDS claiming that Díaz-Santiago's admission that the policy was null and void, establishes that MDS breached the provisions contained in the preferred ship mortgage that required the Vessel to be fully insured and to cover all advances and expenditures incurred by FirstBank in defending suits related to its preferred ship mortgage and the promissory note (docket entry 82). FirstBank sustains that as a result of MDS' breach, said party, together with Díaz-Santiago and Rodríguez-Sorentini, are liable to FirstBank for all attorneys' fees incurred by the latter in securing the Vessel's release and defending the validity of the policy in the instant case. As evidenced by the declarations under penalty of perjury submitted by the attorneys who worked on these matters, FirstBank incurred in a total of $74,512.50 in attorneys fees for said purpose (docket entry 89).[1]

No opposition to FirstBank's Motion for Partial Summary Judgment having been filed by Díaz-Santiago, Rodríguez-Sorentini and MDS, the remaining parties to the case --Markel, Blue Waters Insurers, Corp., Seguros Javier Calderón, Inc.-- together with FirstBank, moved for voluntary dismissal of their respective claims, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii) (docket entry 90) which was granted by the Court. (Docket entry 96).

**Summary Judgment Standard**

Summary Judgment "is proper if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to a judgment as a matter of law." Rule 56 of the Federal Rules of Civil Procedure; Sands v. Ridefilm Corp., 212 F.3d. 657, 660-61 (1st Cir. 2000); Barreto-Rivera v. Medina Vargas, 168 F.3d. 42, 45 (1st Cir. 1999). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. DeNovellis v.

---

[1] The total amount claimed is evidenced by five declarations under penalty of perjury establishing the following amounts: Livia Jiménez $2,837.50, Belén Fornaris $15,525.00, Eyck Lugo $21,950.00, Cristina Belaval $27,500.00 and Alberto Rodríguez $6,700.00.

Shalala,124 F.3d. 298, 306 (1st Cir. 1997). The nonmoving party must establish the existence of at least one relevant and material fact in dispute to defeat such a motion. Brennan v. Hendrigan, 888 F.2d 129 (1st Cir. 1989).

## Analysis

Article 1230 of the Puerto Rico Civil Code, 31 L.P.R.A. §3451, provides that contracts shall be binding, regardless of the form in which they may have been executed, as long as the essential conditions required for their validity are met. Likewise, if a contract is clear and there is no doubt about the parties' intentions, the literal sense of the stipulations shall be observed. 31 L.P.R.A. §347. The parties involved in a contract are bound by the obligations arising thereunder; which must be fulfilled in accordance with their terms. 31 L.P.R.A. §2994. The existence of a valid contract and a breach of its essential elements establish a breach of contract. F.C. Imports, Inc. v. First Nat'l Bank of Boston, 816 F. Supp. 78, 93 (D.P.R. 1993).

The material facts are not in controversy; MDS purchased the Vessel and executed a promissory note in favor of FirstBank; which is secured by a preferred ship mortgage. Díaz-Santiago and Rodríguez-Sorentini, guaranteed MDS' compliance with the terms of the promissory note and the preferred ship mortgage. (docket entry 45, Ex. B).

Under the clear terms of the First Preferred Ship Mortgage, MDS is obligated to "keep the vessel fully and adequately insured [. . .] in at least the amount of the unpaid principal balance of the Mortgage" (docket entry 43, Ex. G). That is, MDS was contractually required to insure the Vessel to protect FirstBank's interest as a loss payee. Pursuant to Paragraph Five of Article II "Default," MDS is also liable for all advances and expenditures incurred by FirstBank in defending suits related to the preferred ship mortgage and the corresponding note:

> 5. All advances and expenditures which Mortgagee in its discretion may make for repairs, insurance, payment of liens or other claims, **defense of suits**, or for any other purpose

CIVIL 09-1672CCC                                           5

> whatsoever related hereto or to said note and all damages sustained by Mortgagee because of defaults, shall be repaid by Owner on demand with interest at the same interest rate provided for in the Promissory Note, the payment thereof secured hereby, and until so paid shall be a debt due from Owner to Mortgagee secured by the lien hereof. Mortgagee shall not be obligated to make any such advance or expenditures, nor shall the making thereof relieve Owner of any obligation or Default with respect thereto.

(Docket entry 43, Ex. G.)  (Emphasis added.)

If MDS had fulfilled its contractual obligation and kept an active insurance policy to cover the Vessel, FirstBank would have been reimbursed for all expenses incurred in securing release of the Vessel seized by federal law enforcement agents.  The policy specifically provides:

c. Defense

> We have the right and duty to defend any suit to which this insurance applies. But we may investigate and settle any claim or suit at our discretion.  Our duty to defend any claims or suit ends when the amount we pay, or tender to the Court of jurisdiction for any pending litigation on your behalf, for damages resulting from the occurrence equals the limit of insurance. . .
>
> [. . .]
>
> . . . In the event of a covered loss to property, you must protect the property from further loss and make every effort to recover it.  We shall pay the reasonable cost you incur under this condition in addition to any other payments we make for loss or damage under PROPERTY COVERAGE, but the amount we pay under this provision shall not exceed the limit the 'Limit of Insurance' shown on the Declarations Page for Hull'. [Salvage Expense Limitation Endorsement]

(Docket entry 28, Ex. 1.)

FirstBank has provided uncontroverted evidence of its efforts in securing the release of the Vessel. FirstBank initiated an administrative proceeding before the CBP, with the sole purpose of obtaining its release.  FirstBank also intervened in the criminal case (<u>United States v. Andújar-Aponte</u>, Crim. No. 09-096), and obtained the voluntary dismissal of the indictment against the Vessel. <u>Id.</u>, (docket entry 175). Here, FirstBank aggressively litigated

CIVIL 09-1672CCC                                          6

the validity of the Policy to no avail, since Díaz-Santiago's admissions in the *Joint Motion for Entry of Judgment by Consent* filed jointly with Markel had the effect of voiding FirstBank's coverage as loss payee, irrespective of the merits of Markel's case in chief.

## CONCLUSION

For the reasons set forth above, the Court GRANTS FirstBank's Motion for Partial Summary Judgment (**docket entry 82**) against Díaz-Santiago, Rodríguez-Sorentini and MDS, and said parties, jointly and severally, are ordered to pay $74,512.50 in attorneys' fees, costs and expenses to FirstBank.  This being the only remaining issue in the action, Summary Judgment shall enter accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on September 30, 2010.


                                                    S/CARMEN CONSUELO CEREZO
                                                    United States District Judge